Michael Ragan, through his mother and next friend, Barbara Ragan, appeals from the trial court's dismissal, pursuant to Rules 37(b) and 41(b), A.R.Civ.P., of his case for refusal to provide discovery. The Ragans' January 12, 1983, complaint, as amended, alleged a products liability claim against Blazon Flexible Flyer, Inc. ("Blazon"), and a negligence claim against Joel Burt, Charles Mauney, Olivia Mauney, and Jess Jennings. After seven years of discovery, the trial court, on June 28, 1990, dismissed the Ragans' case with prejudice. The trial court's order reads:
 "This action was filed on January 12, 1983, claiming damages for acts occurring on January 13, 1982. Blazon Flexible Flyer, Inc. (BLAZON), is the only remaining defendant, having been added as a party on October 7, 1983. The remaining *Page 883 
defendants have been dismissed.[1]
 "Blazon filed its motion to dismiss on April 2, 1984, and its motion for summary judgment, which was set for hearing on July 23, 1985, before Judge Hobdy Rains. On July 22, the plaintiff submitted [his] brief in opposition to the motion for summary judgment and included the affidavit of Mr. William C. Heilman as an expert witness.
 "From such date until the pre-trial conference held on March 30, 1990, the plaintiff has failed to name [his] expert. During such time, the defendant has requested that the plaintiff produce [his] expert for deposition on several occasions.
 "It should be noted that the undersigned judge accepts full responsibility for the inordinate delay in these proceedings. Although distance and the press of other business can be offered by counsel and by the court as reasonable cause, these do not justify such protracted proceedings.
 "At the pre-trial conference held on March 30, 1990, the plaintiff agreed, and was ordered, to make known to the defendant's counsel all experts expected to render opinions at trial, on or before May 14, 1990, and to answer certain interrogatories.
 "On May 16, 1990, the defendant moved that the action be dismissed for failure to comply with the pretrial order, whereupon the plaintiff apparently named, to the defendant, William C. Heilman and Russ Marhefka as expert witnesses. On the 23rd day of May 1990, the defendant noticed the taking of the depositions of such witnesses on June 14.
 "On May 31, the plaintiff moved to allow substitution of Charles Benedict as one of [his] experts in lieu of William C. Heilman. On June 14, 1990, the plaintiff moved for [an] extension of time to identify experts. Counsel for the plaintiff candidly admits that its prospective expert has, as yet, not seen the sled upon which the plaintiff was injured. Further, the defendant certifies to the Court that the interrogatories remain unanswered.
 "The Court wishes to point out that the above is in no way to be construed as criticism directed toward plaintiff's present counsel, who has been actively engaged in this matter only since early 1990.
 "However, it would appear logical that in a products [liability] litigation, expert testimony would be the primary matter to be obtained. This action has become a prime example of the unfortunate delay in the disposition of cases.
 "Under the total circumstances herein, the Court is of the opinion that the defendant's motion to dismiss is well taken and should be, and is hereby, granted."
This Court has stated on numerous occasions that the trial court is vested with broad and considerable discretion in managing the discovery process. See Iverson v. Xpert Tune,Inc., 553 So.2d 82 (Ala. 1989), and cases cited therein. The trial court possesses the authority to impose reasonable and appropriate sanctions against a party for failure to comply with the discovery process and the court orders resulting therefrom. Id. As a reviewing court, we will not disturb the trial court's choice of discovery sanctions on appeal absent some abuse of discretion. Johnson v. Langley, 495 So.2d 1061
(Ala. 1986).
Our review of the record convinces us that the trial court did not abuse its discretion in dismissing the case based on the Ragans' willful refusal to provide discovery. Therefore, the trial court's judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] On October 4, 1990, the trial court entered an amended judgment, acknowledging that Jess Jennings remained a party to the action. *Page 884