Norma Neal Napier appeals from the trial court's dismissal of her action with prejudice for failing to comply with the trial court's order to answer interrogatories within a certain time. We affirm.
The undisputed facts are as follows:
Napier sued Michael Allen McDougal as a result of injuries she allegedly sustained in an automobile accident. McDougal submitted interrogatories to Napier on April 9, 1991, but Napier failed to answer within the time prescribed by Rule 33, Ala.R.Civ.P. Consequently, on May 21, 1991, McDougal filed a Rule 37, Ala.R.Civ.P., motion to compel, which the trial court granted, ordering that Napier answer the interrogatories propounded by McDougal "not later than June 9, 1991." Thereafter, on May 28, 1991, Napier's attorney filed a motion to withdraw because of the difficulty he was having in obtaining a response from Napier to McDougal's interrogatories. By June 9, 1991, Napier still had not answered the interrogatories, nor had she given any explanation regarding her failure *Page 447 
to do so. Subsequently, in July, the trial court held a hearing on the motion to withdraw, at which time it denied the motion;[1] it extended the time for Napier to answer the interrogatories until August 1, 1991; and it warned Napier that if she failed to comply it would "entertain a motion by [McDougal] to dismiss this cause." On August 1, Napier's attorney transmitted an unsigned, unnotarized version of Napier's answers to McDougal's attorney and attached a note stating that he had sent the interrogatories to Napier "to be signed and notarized," that he would forward them upon their receipt, and that he did not "expect there to be any changes to her answers in the interim." McDougal filed a motion to dismiss with prejudice on August 5, 1991, stating as follows:
 "[A]s of . . . August 5, 1991, [Napier] has not answered [McDougal's] said interrogatories in accordance with the Alabama Rules of Civil Procedure (the only filings by or on behalf of [Napier] since the court's order of July 12, 1991, being (a) the filing of a notice of appearance as attorney for [Napier] by one Brian C. Isphording,[2] and (b) a fax message transmitting on August 1, 1991, an unsigned list of purported answers to interrogatories as shown by attached Exhibit A)."
The trial court granted McDougal's motion, entering a judgment of dismissal with prejudice. Subsequently, on August 14, 1991, Napier filed a motion for relief from that judgment, attaching signed, notarized answers to the interrogatories. The trial court denied the motion. Napier appeals.
Napier contends that the trial court abused its discretion in dismissing her action with prejudice because, she says, her conduct was not willful and because, she also says, the trial court was aware that she had provided McDougal with answers to the interrogatories, albeit unsigned and unnotarized, prior to the expiration of the time allowed by the trial court's order. According to Napier, her failure to comply with the trial court's order was "due to mistake, inadvertence, or excusable neglect and not to any disrespect on [her] part."
McDougal contends that the trial court properly dismissed Napier's action with prejudice because of what he calls her "willful failure to answer interrogatories."
In Iverson v. Xpert Tune, Inc., 558 So.2d 82, 87-89 (Ala. 1989), this Court thoroughly discussed the standard of review applicable to a dismissal under Rule 37 for failure to comply with a discovery request:
 "The trial court is vested with broad and considerable discretion in controlling the discovery process and in making rulings on all matters pertaining to discovery, including the authority to make such rulings as are necessary to protect the integrity of the discovery process. Furthermore, deeply rooted in the common law is the court's power to manage its affairs in order to achieve the orderly and expeditious disposition of cases, including the authority to impose reasonable and appropriate sanctions for failure to comply with discovery.
 "The choice of discovery sanctions is within the trial court's discretion and will not be disturbed on appeal absent gross abuse of discretion, and then only upon a showing that such abuse of discretion resulted in substantial harm to appellant.
 "We recognize that the sanction of dismissal is the most severe sanction that a court may apply. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction. Dismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal. We have held that 'willfulness' on the part of the noncomplying party is a key factor supporting a dismissal. If one party acted with willful disregard of reasonable and necessary requests for the efficient administration of justice, *Page 448 the application of even so stringent a sanction as dismissal is justified and should not be disturbed.
". . . .
 ". . . The trial court is the more suitable arbiter for determining with accuracy the culpability of the failure to produce . . ., and, for that reason, we will show great deference toward a trial court's decision with respect to such culpability. . . . [T]rial courts, when confronting litigants who have manifested willfulness and bad faith in failing to produce . . ., must not be unduly hampered in granting the ultimate sanction of a denial of an opportunity to prosecute or defend the claim."
(Citations omitted.) (Emphasis added.) See Cincinnati InsuranceCo. v. Synergy Gas, Inc., 585 So.2d 822, 826-27 (Ala. 1991). See, also, Ragan v. Blazon Flexible Flyer, Inc., 590 So.2d 882
(Ala. 1991), in which this Court held that the trial court possesses the authority to impose reasonable and appropriate sanctions against a party for the failure to comply with the discovery process and the court orders resulting therefrom.
Viewing the conduct of Napier during the course of this case, we find no abuse of discretion in the trial court's dismissal with prejudice; rather, we find credible evidence from which the trial court could have found that Napier's conduct was sufficiently willful to justify the imposition of the severe sanction of a dismissal with prejudice: Napier failed to answer the interrogatories during the first 30 days following service of the interrogatories. Twelve days later, the trial court entered an order granting McDougal's motion to compel, which order extended the time to answer the interrogatories an additional 18 days. Because of Napier's apparent refusal to answer the interrogatories, her attorney filed a motion to withdraw, after which 45 days passed pending the scheduled hearing on that motion. However, because neither Napier nor her attorney appeared at the hearing on the motion to withdraw, the trial court denied the motion and then, on its own initiative, extended the time for Napier to answer an additional 20 days. At the same time, it expressly warned Napier that her failure to respond would result in a dismissal of her case. Following that order and that warning, another attorney entered an appearance as counsel for Napier in order to assist in obtaining the answers to the interrogatories. Nonetheless, nothing was filed with the court (no answers, no explanation for past failures to answer, and no request for additional time) until 9 days after the case had been dismissed, when Napier filed the motion for relief from judgment and attached the signed answers to the interrogatories.[3] Napier did not file signed answers to the interrogatories until 9 days after the case had been dismissed; 13 days after the last deadline; and more than 4 months after the interrogatories had been served originally. The fault for the failure to respond rests on Napier. To now set aside the trial court's order would be to condone Napier's conduct in refusing to comply with a discovery order. This we are not willing to do.
Therefore, we hold that because the evidence establishes willful failure on the part of Napier to answer the interrogatories — that is, because the evidence establishes that Napier was given every opportunity to file her answers and/or to sufficiently explain her failure to do so, in order to avoid a dismissal of her action, but failed to do either — the trial court did not abuse its discretion in dismissing her action with prejudice.
Furthermore, Napier's motion for relief from judgment establishes that her attorney asked to withdraw because Napier was "still refusing or otherwise failing to respond to [McDougal's] interrogatories after numerous requests by her attorney to do so." In addition, the affidavit of Napier's attorney filed in support of the motion for relief from judgment established that "after numerous unsuccessful attempts by [her attorney] or members of [his] staff to *Page 449 
have [Napier] respond to [McDougal's] interrogatories, [he] filed a motion to withdraw as counsel for [Napier]." Also, following the trial court's warning to Napier that her continued failure to answer the interrogatories would result in a dismissal of the case, the other attorney who had filed an appearance to assist in obtaining Napier's answers to the interrogatories was unsuccessful. At no time did Napier seek additional time from the trial court in which to answer the interrogatories.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL and INGRAM, JJ., concur.
ADAMS, J., dissents.
[1] The trial court denied the motion to withdraw filed by Napier's attorney because neither Napier's attorney nor Napier appeared at the hearing.
[2] On July 17, 1991, Brian C. Isphording filed a notice of appearance as attorney for Napier in order to assist Napier's original counsel, D. Michael Barrett, in obtaining a response from Napier to McDougal's interrogatories.
[3] Although Napier did transmit to McDougal's attorney unsworn and unsigned answers to interrogatories, they failed to comply with Rule 33(a), Ala.R.Civ.P. (a fact she admits), and such a response did not satisfactorily comply with the trial court's order.