PER CURIAM.
In case 1911684, the defendants, TriShelters, Inc., and Annie L. Owens (collectively “Owens”) appeal from a default judgment in favor of the plaintiff, A.G. Gaston Construction Company, Inc. (“Ga-ston”); that judgment was entered pursuant to Ala.R.Civ.P. 37, as a sanction for failure to comply with a discovery order. In case 1911833 the defendant Safeco Insurance Company also appeals that default judgment. As to the Owens appeal, we affirm. We dismiss the Safeco appeal. Because Safeco appeals solely from the default judgment against Owens, and adopts Owens’s arguments, our resolution *330 of the matters in the Owens case renders Safeco’s appeal moot.[1]
Our review relates only to the trial court’s action on Owens’s failure to respond to a discovery order, and, therefore, a full discussion of the facts of the lawsuit underlying these appeals is unnecessary. In the interest of brevity, we limit our discussion to those facts pertinent to our review.
On January 10, 1992, Gaston served Owens with interrogatories. On February 26, 1992, Owens’s counsel moved to withdraw from the case. This motion was granted two days later.
On April 22, 1992, almost three and one-half months after the interrogatories were served, Owens had not answered the interrogatories, and Gaston moved to compel a response. This motion was granted the next day, April 23, 1992, with the trial court unequivocally ordering a response “within 20 days.” Twenty-two days later, on May 15, 1992, Gaston moved for a judgment of default against Owens, as a Rule 37(b) sanction for Owens’s continuing failure to respond to interrogatories. Owens did not respond to Gaston’s motion for sanctions, but the trial court denied the motion.
On May 28, 1992, Gaston again moved for the court to compel a response to his interrogatories. On June 3, 1992, the trial court, pursuant to Ala.R.Civ.P. 37(b), entered a default judgment as a sanction, based on Owens’s continuing failure to answer the Gaston interrogatories.
On June 12, 1992, Owens, again represented by counsel, moved to set aside the default; the court denied the motion, stating “the ease ... typified ... an absolute disregard for any time standards regarding discovery, differential case management or docketing.”
“Willfulness” of a defendant in refusing to respond to discovery requests is a “key factor” supporting the sanction of a default judgment (just as a plaintiff’s willful failure to respond supports the corresponding sanction of dismissal with prejudice). Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989); Ultracashmere House, Ltd. v. Meyer, 407 So.2d 125, 129 (Ala.1981). The record indicates that Owens’s failure to respond was willful. We have stressed the great deference afforded a trial court’s imposition of sanctions for a willful failure to respond to discovery requests. Napier v. McDougal, 601 So.2d 446 (Ala.1992). In Napier, a case similar to the present one, we quoted Iverson to reaffirm, in pertinent part, that “ ‘[t]he choice of discovery sanctions is within the trial court’s discretion and will not be disturbed on appeal absent gross abuse of discretion.’ ” 601 So.2d at 447.
Owens argues that the trial court abused its discretion in ordering the sanction of a default judgment, because, Owens says, it cannot penalize a party simply because he or she is not represented by counsel, or has, as the trial court called it, an “on-again, off-again” relationship with counsel. We agree with Owens in this regard, but the record does not indicate that the trial judge attempted to do that in this case. It was not Owens’s pro se status that led to the default; it was Owens’s refusal to comply with a court order. Moreover, based on the record, we take the trial court’s reference to Owens’s “on-again, off-again” relationship in imposing the sanction, to suggest that the trial court had exercised patience with Owens because of Owens’s pro se status, but would not further indulge Owens’s failure to answer interrogatories.
Perhaps, as Owens states, the trial court imposed its sanction on an unsophisticated party. We observe, however, that it does not require considerable sophistication to understand that the trial court’s order to respond was not merely aspirational.
We agree with Owens that the trial court has imposed an extremely harsh sanction, but we are not persuaded that in so doing the court abused its discretion.
1911684 — AFFIRMED.
1911833 — DISMISSED.
*331 HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
ADAMS, J., dissents.

. We do not address whether, in fact, Safeco has standing to appeal.