RICHARD L. HOLMES, Retired Appellate Judge.
Byron McMath and his wife, Beverly McMath, appeal the dismissal of their action *1070 with prejudice. The action was dismissed for the McMaths’ failure, or unwillingness, to prosecute the action and for their failure, or refusal, to appear at their scheduled depositions.
Our review of the record reveals the following: On or about June 20, 1992, South-Trust Bank (SouthTrust) foreclosed on a mortgage on property owned by the McMaths.
On August 31, 1993, the McMaths filed a complaint for redemption of the property against SouthTrust and Charles Baker, the individual to whom title to the property had been transferred. In their complaint the McMaths alleged that SouthTrust had agreed to extend the redemption period until August 31,1993.
SouthTrust and Baker filed answers, claiming that the action for the redemption of property was barred by the statute of limitations and that any alleged agreement to extend the redemption period was void due to the Statute of Frauds.
A review of the case action summary sheet reveals that notices of taking the deposition of Byron McMath were filed on November 4, 1993, December 3, 1993, January 18, 1994, March 2, 1994, September 16, 1994, and November 16, 1994. A notice of taking the deposition of Beverly McMath was filed November 16, 1994. It is undisputed that the depositions of the McMaths were never taken.
On September 19, 1994, SouthTrust filed a motion requesting that the case be continued from October 3, 1994, because, although SouthTrust had scheduled the deposition of Byron McMath numerous times, it had been unsuccessful in taking the deposition of Byron McMath. SouthTrust requested the continuance to take Byron McMath’s deposition, which had been scheduled for October 3, 1994, at 1:00 p.m. The request for a continuance was granted, and the trial court issued an order, wherein the case was specially set for trial on November 8,1994.
On September 30, 1994, Charles Clyde Tatum, Jr., the attorney representing the McMaths, filed a motion to withdraw because he was expected to be called as a witness in the case. On October 3, 1994 (the date the deposition of Byron McMath was scheduled to be taken), the trial court issued an order granting the motion to withdraw and denying the McMaths’ motion for a continuance. The October 3,1994, order also provided:
“[T]he [McMaths] shall submit to deposition by [SouthTrust and Baker] on the 24th day of October, 1994, at 9:00 a.m. at the offices of [SouthTrust’s attorney].”
On November 4,1994, the McMaths filed a motion for continuance because their attorney had withdrawn from the case on October 3, 1994, and because they had been unable to find another attorney. The McMaths also filed a motion for recusal, requesting that the trial judge recuse himself.
On November 16, 1994, SouthTrust filed a response to these motions. In its response SouthTrust stated that its attorney had entered into an agreement with Tatum, who was acting on behalf of the McMaths, and that SouthTrust consented to the continuance of the case from the November 8, 1994, setting, if the trial could be scheduled before the end of 1994 and if the McMaths would submit to depositions prior to the time scheduled for trial.
On November 19, 1994, the trial court issued an order setting the trial for December 9, 1994. The depositions were scheduled for November 23,1994, at 9:00 a.m.
On November 22, 1994, the McMaths filed a motion requesting that the depositions scheduled for November 23, 1994, at 9:00 a.m. be postponed and continued. This motion was denied on November 23,1994.
On November 23, 1994, SouthTrust filed a motion to dismiss the cause with prejudice. In its motion SouthTrust stated that one of the McMaths called the office of South-Trust’s attorney on November 21, 1994, to state that they would not appear at the scheduled depositions. SouthTrust’s attorney informed McMath that he could not agree to a continuance of the deposition. Neither of the McMaths appeared for the scheduled depositions and one of the McMaths called the office of SouthTrust’s attorney at 9:10 a.m. on November 23, 1994, *1071 to inform him that they would not be present for the depositions.
On November 23, 1994, pursuant to a motion filed by SouthTrust, the trial court issued an order, dismissing the action with prejudice because of the MeMaths’ failure, or unwillingness, to prosecute and their failure, or refusal, to appear at the scheduled depositions.
The MeMaths appeal.
The MeMaths contend that the trial court abused its discretion when it dismissed with prejudice their action against SouthTrust and Baker without conducting a hearing on the motion to dismiss.
The MeMaths concede that the trial court is granted broad discretion to control the discovery process and has the authority to impose sanctions which are reasonable and appropriate when a party fails to comply with the discovery process. Ragan v. Blazon Flexible Flyer, Inc., 590 So.2d 882 (Ala.1991). The MeMaths argue that a dismissal with prejudice was not a reasonable and appropriate sanction in light of the fact that there was no warning that their action might be dismissed with prejudice and that they were not given an opportunity to respond to the motion to dismiss filed by SouthTrust.
We would note that, as a general rule, a court may act sua sponte to dismiss an action for want of prosecution. Burdeshaw v. White, 585 So.2d 842 (Ala.1991). Consequently, we find that in this instance under these facts the trial court was not required to hold a hearing on the motion to dismiss.
The MeMaths admit in their motion requesting that the depositions not be taken, which was filed November 22, 1994, that the office of SouthTrust’s attorney had informed them that the attorney would “ask the judge for sanctions against [the MeMaths]” if they did not appear at the scheduled depositions. As noted above, the MeMaths failed to appear at the scheduled depositions.
In light of the above, we are convinced that the trial court did not abuse its discretion when it dismissed the action based upon the MeMaths’ failure to prosecute the action and their failure to attend the scheduled depositions.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.