•COOK, Justice.
Carlton Coale, the plaintiff in an action pending in the Mobile Circuit Court, petitions for a writ of mandamus directing the trial court 1) to order the defendant, Liberty National Life Insurance Company, to comply with Coale’s discovery requests or 2) to enter a default judgment against *394 Liberty National for failure to comply with the trial court’s discovery order. We deny the petition.
In 1989, Coale ended his employment as an agent for Liberty National and requested payment of commissions due him. Liberty National informed Coale that, because some of the policies he had sold had lapsed, charges and disallowances against his account exceeded commissions, and that he was not due further payment.
On May 3, 1993, Coale sued Liberty National, claiming that Liberty National' had fraudulently caused policies to lapse so that it could reissue the policies and collect new commissions. Coale also claimed that Liberty National had slandered him by telling his former clients that the policies had lapsed and had to be reissued because Coale was dishonest.
With his complaint, Coale filed a request for production of -documents that sought, in part:
“3) the entire, uncensored combined client- register for Carlton Coale’s debit [i.e., commissions] while he was an employee and the same register (regardless of whether it was kept whole or split up) for the period from his departure until April 30,1993.
“4) the individual client registers for all clients on the registers named in Request 3.”
Over Liberty National’s objection, the trial court ordered it to comply with the request. Liberty National produced the “combined client register,” but redacted the policies that had not lapsed and those for which Coale had not been charged With a disallowance. Coale claimed this compliance was incomplete and moved for a default judgment. The trial court found that Liberty National had complied and ruled that the motion was therefore moot.
In 1996, the case was placed on' the court’s “administrative docket.” In 1998, it was placed back on the active docket. On January 13, 1999, Coale filed another motion to compel. After a hearing, the trial court ordered Liberty National to produce an unredacted copy of the combined client register. Liberty National complied. The parties were notified that the case was set for trial on April 13, 1999.
Coale filed a motion for delay of the trial or for entry of a default judgment based on a claim that Liberty National had failed to comply with discovery requests. Coale filed the affidavit of one of his lawyers, who alleged that he had asked for, and had been refused, the addresses of policyholders named on the combined client register. Liberty National claims that Coale had not made a prior request for client addresses; however, Coale says 1) that Liberty National knows the insurance industry understands the term “client register” to include client addresses, and 2) that Coale’s lawyer wrote to Liberty National’s lawyer in April 1994 asking for addresses of Coa'le’s clients.
After conducting a hearing on March 26, 1999, the trial court ordered production of the addresses, and Liberty National complied. Coale then complained that the addresses were “stale” and that he was unable to locate his former clients — persons, says Coale, whose testimony is crucial to proving his claims against Liberty National. Liberty National replied by stating that it gave Coale its current computer listing of client addresses and that the list it gave was the same list Liberty National’s lawyer used to prepare for trial.
As of April 13, 1999, the original trial date, Coale had not attempted to contact his former clients in preparation for trial. Because of a death in the judge’s family, the trial was reset for May 3, 1999. Trial has been stayed pending the disposition of this petition, in which Coale asks for a writ of mandamus directing the trial court to delay the trial or to enter a default judgment against Liberty National for failure to comply. According to Coale, the trial date of May 3, 1999, gave him only three weeks within which to contact and interview witnesses. Coale alleges *395 that Liberty National has never complied with his discovery requests and that the trial court has not held Liberty National accountable for its noncompliance. Coale maintains that the trial court abused its discretion in not granting his motion for a continuance or for entry of a default judgment against Liberty National for willful noncompliance with discovery orders.
“Rule 37(b)(2)(C), Ala. R. Civ. P., authorizes the trial court to enter a default judgment against a party who fails to comply with a discovery order. In Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989), the Court stated:
“ ‘We recognize that the sanction of dismissal is the most severe sanction that a court may apply [against- a plaintiff]. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction.... We have held that “willfulness” on the part of the noncomplying party is a key factor supporting a dismissal. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is fully justified....”’
Ex parte Blake, 624 So.2d 528, 532 (Ala.1993). A default judgment, like a dismissal, would be a “severe sanction.” The facts and circumstances of this case, however, do not warrant a sanction in the form of a default judgment against Liberty National; thus, Coale is not entitled to a writ of mandamus granting that relief.
When a plaintiff alleges fraud, the court must allow broad discovery, because of the heavy burden of proving fraud. Ex parte Horton, 711 So.2d 979, 983 (Ala.1998). Here, however, Coale’s complaint is not that the scope of his discovery has been restricted, but that, having obtained the substance of .his discovery requests, his trial preparation has been unfairly limited by the trial court’s refusal to grant his motion to delay the trial and by Liberty National’s providing what he calls “stale” addresses on the client register.
“A challenge to a trial court’s ruling on a discovery matter attacks the court’s exercise of its broad discretion, and a petition for the writ of mandamus is the correct means for seeking appellate review of a discovery ruling. However, because mandamus is a drastic remedy, and because the trial court is in a better position than this Court to rule on discovery matters, which are decided on a case-by-case analysis of facts and circumstances, we will not interfere with a trial court’s ruling on a discovery matter unless that ruling is the result of [a] clear abuse by the trial court.”
Ex parte Union Security Life Ins. Co., 723 So.2d 34, 37 (Ala.1998) (citations omitted).
In his brief to this Court, Coale states that Liberty National did not comply with his discovery requests despite the trial court’s ordering it to do so. The only time he gets more specific than this is when he says that Liberty National supplied outdated information and, therefore, has not “adequately responded.’* ‘ Liberty National contends, and the trial court apparently agrees, that Coale, has the information he sought.. Coale’s argument is accusatory and conclusory, but nonspecific, and, in light of Liberty National’s contentions and the trial court’s rulings, we see no evidence suggesting that Coale does not have the information he needs. There is evidence, however, indicating that, during the six years this case has been pending, Coale did not attempt to contact his former clients until the last weeks before the final trial date.
Coale claims that Liberty National took five years to produce all of the requested information and that he is therefore now entitled to a delay of the trial to use the information to get ready for trial.. The trial court told Coale’s lawyer that he had had six years to get ready for trial. Liberty National also argues that Coale himself had his complete client register in 1990 *396 after he left Liberty National; thus, says Liberty National, Coale had the information he sought for six years.
Liberty National included as an exhibit to its brief a copy of a complaint filed in a federal court by Liberty National against one of Coale’s lawyers and two former Liberty National agents; that complaint alleged RICO violations. According to Liberty National, the defendants in the federal action solicited Liberty National policyholders as clients and persuaded them to institute legal proceedings against Liberty National. In the federal case, Liberty National- apparently alleged that the lawyer had paid over $200,000 to the two agents (through Swiss bank accounts and third parties) to solicit clients who would sue Liberty National. Liberty National ultimately provided the information sought by Coale, but maintains that in light of this lawyer’s history, its reluctance to provide the customer list was entirely reasonable.
Liberty National also refers this Court to a case styled Carlisle v. Liberty National Life Insurance Company, CV-93-2263, also filed in the Mobile Circuit Court, in which Liberty National objected strenuously in order to protect client information after discovery requests had been filed. Liberty National provided the information upon being ordered to do so by the court. Liberty National was then informed by Coale’s lawyer that, as a result of interviews with the customers on the list provided, 250 additional lawsuits would be filed against it in Mobile County.
Liberty National has filed with this Court a motion for sanctions against Coa-le’s lawyers for filing a frivolous mandamus petition. Liberty National states in that motion that notwithstanding certification given by Coale’s lawyer, the lawyer did not serve a copy of this mandamus petition on Liberty National or file a copy of it with the trial court; thus, says Liberty National, it continued to prepare for trial on May 3 and brought in people from out-of-town for trial on that day. Coale responds by saying, in effect, that the delay that has occurred up until now has occurred by the fault of Liberty National and that the failure to file a copy of the petition with the trial court and to serve a copy on Liberty National occurred by the fault of the secretary to one of his lawyers.
The trial court watched this proceeding “progress” for six years and, until now, has accommodated Coale’s requests. “The trial court has broad powers to control the use of the discovery process, and [Coale] has not clearly shown that the trial court abused its discretion by denying his motion.... ” Ex parte Steiner, 730 So.2d 599, 600 (Ala.1998).
PETITION DENIED; MOTION FOR SANCTIONS DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs in the result.