Thomas Michael Johnson appeals from a dismissal of his action against Citizens Bank, Inc., and its employee Gracie Vickery. In his complaint, he alleged claims of negligence and fraudulent misrepresentation. The trial court entered the judgment of dismissal as a sanction under Rule 37, Ala.R.Civ.P. The question here is whether the dismissal was an abuse of discretion.
On October 13, 1998, Johnson sued Citizens Bank, Inc., and Vickery in Baldwin County. With the compliant, Johnson served interrogatories and requests for production of documents. The trial court entered an order requiring that all discovery be completed by December 31, 1999.
Johnson scheduled depositions of Vickery and representatives of the bank for December 18, 1998. Those depositions were cancelled at the defendants' request, a request made by a letter dated December 3, 1998. On December 8, 1998, in response to the letter, Johnson asked that the depositions be rescheduled for "January 19, 20, and/or 21 if I do not hear back from you within seven (7) days as to a definite date."
On December 9, 1998, the defendants served interrogatories and requests for production of documents on Johnson. On December 21, 1998, Johnson's attorney suffered serious injuries in an automobile accident and missed a significant amount of work during the next five weeks. Johnson's attorney did not hear from the defendants as to whether the proposed dates in January would be acceptable for depositions. Apparently, Johnson's attorney did not reschedule the depositions for those dates, because of his accident. *Page 829 
On February 10, 1999, the defendants asked Johnson's attorney to respond to interrogatories and requests for production and proposed several dates for deposing Johnson. On February 17, 1999, Johnson sent the defendants a letter notifying them of depositions of certain representatives of the bank, which had been scheduled for March 5, 1999. Johnson's attorney also informed the defendants that he was trying to find a date when Johnson would be available to be deposed. Johnson lived in Tuscaloosa County and was a railroad conductor; his employment required him to travel for extended periods.
On February 25, 1999, the defendants moved to compel Johnson to respond to their request for discovery. On March 4, 1999, the defendants notified Johnson's attorney that they would not be available for the depositions set for March 5, 1999, and that the depositions could be rescheduled for a time when Johnson would be available to be deposed as well.
On March 17, 1999, the trial court entered an order granting the motion to compel, giving Johnson 10 days to respond to the discovery requests. On April 7, 1999, the defendants moved for sanctions. According to Johnson's attorney, he was not served with notice of the motion for sanctions.
On April 14, 1999, the trial court, without holding a hearing, entered an order on the case action summary sheet, dismissing Johnson's case with prejudice. On April 21, 1999, Johnson's attorney provided the defendants with the requested discovery. However, the answers to interrogatories were unsigned, because Johnson was working out of town. Johnson's attorney notified the defendants that he expected Johnson to sign and deliver the answers when he returned and that he did not anticipate any changes in them. On April 22, 1999, Johnson's attorney received notice of the dismissal order. Signed answers were later provided, without any changes.
Subsequently, Johnson's attorney moved to reinstate the case. The trial court denied the motion.
 "We recognize that the sanction of dismissal is the most severe sanction that a court may apply [against a plaintiff]. Judicial discretion must be carefully exercised to assure that the situation warrants the imposition of such a sanction. Dismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal. We have held that `willfulness' on the part of the noncomplying party is a key factor supporting a dismissal. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the . . . dismissal is fully justified and should not be disturbed."
Iverson v. Xpert Tune, Inc. 553 So.2d 82, 87 (Ala. 1989) (citations omitted).
In Iverson the plaintiff alleged that the defendants had diagnosed his automobile as having a defective fuel pump and had subsequently replaced the pump, when, in fact, he alleged, the original fuel pump was "in good working order." Id. at 84. The plaintiff later reinstalled the original fuel pump in his car. Some time after the defendants had asked to be allowed to examine the fuel pump, the original fuel pump was removed from the car by a friend of the plaintiff's. Our supreme court held that dismissal was appropriate where the plaintiff had been willful in his conduct by failing to exercise any precaution to safeguard the original fuel pump and to protect it from being destroyed or discarded; where the plaintiff had failed to make any effort to determine the whereabouts of the fuel pump following its removal from his car; and where the fuel pump no longer existed and its disposal, destruction, or suppression had occurred after the defendants had asked to be allowed to inspect it.
In Napier v. McDougal 601 So.2d 446 (Ala. 1992), the plaintiff's case was dismissed. Our supreme court stated: *Page 830 
 "Viewing the conduct of Napier during the course of this case, we find no abuse of discretion in the trial court's dismissal with prejudice; rather, we find credible evidence from which the trial court could have found that Napier's conduct was sufficiently willful to justify the imposition of the severe sanction of a dismissal with prejudice: Napier failed to answer the interrogatories during the first 30 days following service of the interrogatories. Twelve days later, the trial court entered an order granting McDougal's motion to compel, which order extended the time to answer the interrogatories an additional 18 days. Because of Napier's apparent refusal to answer the interrogatories, her attorney filed a motion to withdraw, after which 45 days passed pending the scheduled hearing on that motion. However, because neither Napier nor her attorney appeared at the hearing on the motion to withdraw, the trial court denied the motion and then, on its own initiative, extended the time for Napier to answer an additional 20 days. At the same time, it expressly warned Napier that her failure to respond would result in a dismissal of her case. Following that order and that warning, another attorney entered an appearance as counsel for Napier in order to assist in obtaining the answers to the interrogatories. Nonetheless, nothing was filed with the court (no answers, no explanation for past failures to answer, and no request for additional time) until 9 days after the case had been dismissed, when Napier filed the motion for relief from judgment and attached the signed answers to the interrogatories. Napier did not file signed answers to the interrogatories until 9 days after the case had been dismissed; 13 days after the last deadline; and more than 4 months after the interrogatories had been served originally. The fault for the failure to respond rests on Napier. To now set aside the trial court's order would be to condone Napier's conduct in refusing to comply with a discovery order. This we are not willing to do."
601 So.2d at 448.
In the present case, Johnson's conduct does not appear to have been willful, unlike the plaintiff's conduct in Iverson and Napier. InIverson evidence at the heart of the plaintiff's fraud claim was destroyed by the plaintiff's willful conduct in failing to produce it or to prevent spoliation; the loss of evidence severely prejudiced the defendants. In Napier the plaintiff herself was refusing to respond to the interrogatories. The plaintiff's refusal to answer was such that her attorney asked to withdraw. Then, both the plaintiff and her attorney failed to appear at a hearing. Following the trial court's express warning that her continued failure to answer would result in a dismissal, the second attorney who represented Napier was also unsuccessful in eliciting answers from her.
In Ex parte Coale 757 So.2d 393 (Ala. 1999), the plaintiff petitioned for a writ of mandamus directing the trial court to order the defendant to comply with a discovery request, or, in the alternative, to enter a default judgment against the defendant for its failure to comply with the trial court's discovery order. The supreme court held that the plaintiff was not entitled to the writ of mandamus. "A default judgment, like a dismissal, would be a severe sanction." Id. at 395.
In Coale there was a five-year delay in the defendant's production of all the requested information. If the plaintiff in Coale was not entitled to a default judgment for a five-year delay, then a four-month delay when there was no willfulness, as in the present case, does not warrant a dismissal.
Johnson's attorney was injured in a motor-vehicle accident and, because of his injuries, missed work. Johnson's attorney had not been able to consistently communicate with Johnson, because of the accident and because of the nature of Johnson's job. This is not a case where the plaintiff intentionally *Page 831 
refused to answer interrogatories or failed to appear for a hearing. Additionally, Johnson's attorney did file the answers before he knew that the defendants had asked for sanctions and before he knew that the case had been dismissed. Also, the defendants themselves delayed discovery when they cancelled depositions for a second time, on the day before the rescheduled depositions were to be held.
Our supreme court has "stressed the great deference afforded a trial court's imposition of sanctions for a willful failure to respond to discovery requests." Tri-Shelters, Inc. v. A.G. Gaston Constr. Co.622 So.2d 329, 330 (Ala. 1993) (emphasis added). Because Johnson's conduct does not appear to have been willful, we conclude that it would be fundamentally unjust to dismiss his case.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Crawley, J., concur.
Monroe, J., concurs specially.
Thompson, J., dissents.