THOMAS, Judge.
Kenneth Smith appeals from the judgment of the Madison Circuit Court in favor of Michael W. Davidson on Davidson’s claims against Smith and dismissing Smith’s claims against Davidson. We affirm.

Facts and Procedural History

Smith leased a parcel of commercial property from Davidson. On June 13, 2007, Smith sued Davidson, alleging in his complaint claims of breach of contract, conversion, intentional interference with contractual rights, and wrongful eviction. Smith also moved the trial court to enter a *179 temporary restraining order and a preliminary injunction against Davidson; the trial court denied Smith’s motion. On the same day, Davidson sued Smith, claiming breach of contract, requesting a declaratory judgment, and requesting that a lien be placed on the commercial property. The trial court consolidated the two actions.[1]
In September 2007, Davidson served Smith with a set of interrogatories and requests for production. Among the documents that Davidson requested that Smith produce were Smith’s federal and state income-tax returns for years 2000 through 2006, Smith objected to the production of his tax returns on the basis that his personal tax returns were irrelevant and immaterial to the actions and that Davidson’s request constituted an unwarranted intrusion into Smith’s personal affairs. Davidson sent letters to Smith on October 31, 2007, December 11, 2007, June 5, 2008, and September 29, 2008, requesting that Smith supplement his responses to Davidson’s interrogatories and produce the requested tax returns. In November 2008, Davidson moved the trial court to compel Smith to produce his tax returns. The trial court granted Davidson’s motion to compel, ordering Smith to produce the requested tax returns within 15 days. Smith did not produce the requested tax returns.
Davidson also attempted to take Smith’s deposition. Davidson scheduled depositions for October 10, 2008, October 23, 2008, October 28, 2008, and November 10, 2008; Smith failed to appear for any of the scheduled depositions. Davidson moved the trial court to sanction Smith for his failure to appear at the depositions and to compel Smith to comply with Davidson’s discovery requests. The trial court, on November 13, 2008, entered an order requiring Smith to make himself available for deposition within the following 48 hours. Davidson scheduled another deposition for November 17, 2008, and Smith again failed to appear.
On November 17, 2008, Davidson moved the trial court to dismiss Smith’s action because of Smith’s failure to comply with Davidson’s discovery requests and the trial court’s orders. The trial court reserved ruling on Davidson’s motion based on Smith’s counsel’s representation to the trial court that Smith’s noncompliance had been due to a medical issue. The trial court ordered Smith to submit to the court proof of the circumstances surrounding Smith’s failure to appear for his deposition and to contact Davidson to reschedule Smith’s deposition.
On December 1, 2008, Smith responded to Davidson’s motion to dismiss. In Smith’s response, Smith alleged that the depositions scheduled to occur on October 10 and October 23 had been rescheduled due to scheduling conflicts and that the depositions scheduled to occur on October 28 and November 10 had had to be rescheduled because Smith had been in the hospital. Smith also alleged that on the morning of November 17, 2008, he had suffered complications from his earlier hospitalization that required him to return to the hospital for treatment. Smith’s counsel also alleged that she had become ill and had been unable to work from *180 November 18, 2008, through December 1, 2008.
Earlier on the same day that Smith had submitted his response to Davidson’s motion to dismiss, the trial court had held its scheduled trial on Smith’s and Davidson’s actions. Neither Smith nor his attorney were present. Based on an affidavit submitted by Davidson, the trial court, on December 2, 2008, entered a judgment in favor of Davidson on his claims against Smith and dismissed Smith’s claims against Davidson.
On January 1, 2009, Smith moved the trial court to vacate its judgment, alleging that he did not have notice of the trial date and that neither Smith nor his counsel were physically able to appear at the trial because Smith had been recovering from surgery and his counsel had been severely ill. The trial court granted Smith’s motion and vacated its December 2, 2008, judgment. In its order vacating its December 2, 2008, judgment, the trial court ordered Smith to comply with all Davidson’s outstanding discovery requests by March 5, 2009, and stated that Smith’s failure to comply with the discovery requests would be considered a willful and contumacious act that would subject Smith to further sanctions, up to and including a dismissal of his action pursuant to Rule 41(b), Ala. R. Civ. P.
Davidson scheduled Smith’s deposition for March 3, 2009. Smith appeared for the deposition, but he produced only his 2005 tax return. Smith alleged in his deposition that the tax returns for the remaining years were unavailable. In response to Smith’s failure to produce his tax returns, Davidson moved the trial court to dismiss Smith’s action for Smith’s failure to comply with Davidson’s discovery requests and the trial court’s orders. Smith responded to Davidson’s motion, alleging that Smith’s tax returns for the remaining years that Davidson had requested were unavailable.
On March 30, 2009, the trial court entered a judgment reinstating its December 2, 2008, judgment, dismissing Smith’s claims and finding in favor of Davidson on his claims against Smith.[2] The judgment also ordered Smith to pay $750 to Davidson’s attorney as a sanction. The trial court based its judgment on Smith’s “refusal to comply with the discovery rules and [the trial court’s] orders.” Smith filed a postjudgment motion requesting that the trial court vacate its judgment. Smith’s postjudgment motion was denied by operation of law, and Smith timely appealed to the Alabama Supreme Court. That court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).

Issue

Smith presents one issue on appeal: whether the trial court’s judgment in favor of Davidson as a sanction for Smith’s failure to comply with Davidson’s discovery requests and the trial court’s orders was supported by sufficient evidence.

Standard of Review

“It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App.2002); and Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in *181 extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. Id. In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487.”
Blake v. Stinson, 5 So.3d 615, 617-18 (Ala.Civ.App.2008). Moreover, “ ‘[t]he decision concerning the appropriate sanction for failure to comply with a pretrial order ... is within the trial court’s discretion,’ and we review such decisions to determine whether the trial court exceeded its discretion.” Cobb v. Fisher, 20 So.3d 1253, 1257 (Ala.2009) (quoting Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc., 901 So.2d 84, 105 (Ala.2004)).

Analysis

Smith argues that the trial court exceeded its discretion by dismissing his action and entering a judgment in favor of Davidson as a sanction because, Smith argues, the evidence in the record is not sufficient to support the trial court’s determination that he willfully failed to comply with Davidson’s discovery requests or the trial court’s orders. Rule 41(b) provides that “[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.” In addition, Rule 37(b)(2)(C), Ala. R. Civ.App., provides that if a party fails to obey an order to provide or permit discovery, the trial court may enter an order “dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.” The Alabama Supreme Court has stated that, for a trial court to enter an order dismissing a party’s action or to enter a default judgment against a party,
“[t]he [party’s] conduct must mandate dismissal. We have held that ‘willfulness’ on the part of the noncomplying party is a key factor supporting a dismissal. If one party has acted with willful and deliberate disregard of reasonable and necessary requests for the efficient administration of justice, the application of even so stringent a sanction as dismissal is justified and should not be disturbed.”
Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989) (citations omitted).
‘“In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Bd. of Educ., 365 So.2d at [659] 661 [ (Ala.1978) ]. See, e.g., Boazman v. Econ. Laboratory, Inc., 537 F.2d 210 (5th Cir.1976); Pond v. Braniff Airwaysl Inc.], 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir.1971). “Willful” is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.’
“Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981); see also Burton v. Allen, 628 So.2d 814, 815 (Ala.Civ.App.1993).”
HICA Educ. Loan Corp. v. Fielding, 953 So.2d 1261, 1263 (Ala.Civ.App.2006). Thus, in order to dismiss Smith’s action and to enter a judgment in favor of Davidson on his claims, the trial court must have had evidence from which it could infer that Smith’s failure to comply with Davidson’s *182 discovery requests and the trial court’s orders was the result of Smith’s conscious or intentional failure to act, not his accidental or involuntary noncompliance.
Smith cites Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981), and Johnson v. Citizens Bank, Inc., 778 So.2d 828 (Ala.Civ.App.2000), in support of his argument that his inability to produce the requested tax returns does not support the trial court’s determination that he acted willfully. However, both Weatherly and Johnson can be distinguished from this case.
In Weatherly, the circuit court dismissed the plaintiffs action for his failure to answer interrogatories. Weatherly, 392 So.2d at 834. The Alabama Supreme Court reversed, noting that “[f]rom all indications of the record, the 80-year-old plaintiff, housed in a nursing home and beset with infirmities, was physically and mentally unable to answer the interrogatories” and that “[t]he actions of the plaintiffs attorney indicate his good faith efforts to obtain the information sought by the defendant.” Id. at 837. The actions of the plaintiffs attorney had included seeking the assistance of the plaintiffs son, seeking to obtain the plaintiffs medical records to gather the requested information, and seeking an extension of time to answer the interrogatories. Id.
In Johnson, this court reversed the circuit court’s dismissal of the plaintiffs action when there had been a four-month delay in the plaintiffs answering the defendant’s interrogatories. Johnson, 778 So.2d at 831. This court, in holding that Johnson’s conduct had not been willful, noted:
“Johnson’s attorney was injured in a motor-vehicle accident and, because of his injuries, missed work. Johnson’s attorney had not been able to consistently communicate with Johnson, because of the accident and because of the nature of Johnson’s job. This is not a case where the plaintiff intentionally refused to answer interrogatories or failed to appear for a hearing. Additionally, Johnson’s attorney did file the answers before he knew that the defendants had asked for sanctions and before he knew that the case had been dismissed. Also, the defendants themselves delayed discovery when they cancelled depositions for a second time, on the day before the rescheduled depositions were to be held.”
Id. at 830-31.
In this case, Davidson first requested Smith’s personal federal and state income-tax returns in September 2007. Smith responded to the request, alleging that the tax returns were irrelevant and immaterial to the actions. Smith did not allege that the tax returns were unavailable. Davidson then sent Smith four letters over the course of the next year requesting that Smith produce the requested tax returns. Smith did not produce the returns, and he did not allege that the returns were unavailable. In November 2008, Davidson moved the trial court to compel Smith to produce the requested tax returns. Smith did not allege in response to Davidson’s motion to compel that the tax returns were unavailable. The trial court granted Davidson’s motion to compel, and in its order the trial court warned Smith that
“failure to supply full and complete information pertaining to the discovery requests may result in the dismissal of [his] claims in these actions and the awarding of a default judgment for the relief claimed by Mr. Davidson.”
However, Smith failed to produce the tax returns as required by the trial court’s order. After Smith failed to appear for the December 1, 2008, trial, the trial court entered a judgment in favor of Davidson on his claims against Smith and dismissed *183 Smith’s claims. The trial court, on Smith’s motion, later vacated its judgment and, in its order, ordered Smith to comply with all Davidson’s outstanding discovery requests and to appear for a deposition by March 5, 2009. The trial court again warned Smith that Smith’s “failure to comply would result in a finding of willful and contumacious noncompliance and would subject Smith to further sanctions, including a Rule 41(b) dismissal.”
Smith appeared for the March 2009 deposition and produced his tax return for 2005 but not for any of the other requested years. In his deposition, Smith alleged for the first time — more than one and a half years after the time Davidson first requested Smith’s tax returns — that the remaining tax returns were unavailable.
There is no evidence in the record indicating that Smith had made good-faith efforts to comply with Davidson’s discovery requests or the trial court’s orders to produce the requested tax returns. There is also no evidence indicating that Smith had ever applied for an extension of time to produce the tax returns or that he had moved the trial court for a protective order. Moreover, Smith waited for a year and a half before first alleging that some of the tax returns were unavailable. This case does not present a situation similar to the one in Weatherly, in which there was evidence of sincere, albeit unsuccessful, attempts to provide the requested information to the requesting party. Nor is there evidence in the record, as there was in Weatherly and Johnson, indicating that Smith or Smith’s attorney suffered from prolonged physical or mental infirmities to the extent that it would have prevented them from either producing the requested tax returns or alleging, at a much earlier date, that the tax returns were unavailable.
Based on Smith’s repeated failure to comply with Davidson’s discovery requests and the trial court’s orders and the lack of evidence demonstrating that Smith made any good faith efforts to comply, the trial court could have determined that Smith had willfully, as opposed to accidentally or involuntary, failed to comply with Davidson’s discovery requests and the trial court’s repeated orders to produce his tax returns. Moreover, the trial court had repeatedly warned Smith that Smith’s failure to comply would result in the dismissal of his case and a judgment in favor of Davidson. Thus, it was within the trial court’s discretion to dismiss Smith’s claims and to enter a judgment against Smith in Davidson’s action. See Tri-Shelters, Inc. v. A.G. Gaston Constr. Co., 622 So.2d 329, 330 (Ala.1993) (affirming a trial court’s default judgment as a sanction for a party’s willful failure to answer interrogatories), and Neal v. American Tel. and Tel. Co., 454 So.2d 975, 977 (Ala.1984) (affirming a trial court’s dismissal of an action as a sanction for a party’s willful failure to attend a deposition).
The Alabama Supreme Court has “stressed the great deference afforded a trial court’s imposition of sanctions for a willful failure to respond to discovery requests.” Tri-Shelters, Inc., 622 So.2d at 330 (citing Napier v. McDougal, 601 So.2d 446 (Ala.1992)). Because there is evidence in the record to support the trial court’s determination that Smith’s failure to comply with Davidson’s discovery requests and the trial court’s orders was willful, we will not disturb the trial court’s judgment on appeal.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Kimberly Cummings and Grown Folks Huntsville, Inc., were also named as plaintiffs in Smith’s action and as defendants in Davidson's action. Cummings has not appealed from the trial court’s judgment. Davidson moved to dismiss Grown Folks’s appeal because Smith, acting pro se, was not authorized to represent Grown Folks. This court granted Davidson’s motion and dismissed Grown Folks’s appeal. See Stage Door Dev., Inc. v. Broadcast Music, Inc., 698 So.2d 787, 787 (Ala.Civ.App.1997) ("One who is not an attorney may not appear as an advocate on behalf of a corporation.”).

. The trial court amended its judgment on April 3, 2009, to correct a clerical error concerning the date of its previous judgment. See Rule 60(a), Ala. R. Civ. P.